TASHIMA, Senior Circuit Judge.
Defendan1>-Appellant Roberto Olivo was convicted of conspiracy to possess heroin with intent to distribute, in violation of 21 U.S.C. § 846, and possession of heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). He timely appeals from his conviction and raises two related issues on appeal: (1) whether, under the plain error standard of review, the trial court erred in its phrasing of the reasonable doubt instruction; and (2) whether, under the plain error standard of review, the trial court erred in its instruction on how the reasonable doubt instruction ap *669 plied to the jury’s drug quantity determination. Because we conclude that there was no plain error in either regard, we affirm the district court.

The Reasonable Doubt Instruction

The district court gave the following instruction on reasonable doubt:
And the government has to prove these things beyond a reasonable doubt. Now, what does that mean? Well, I can’t really give you a very definitive explana- definition of what it means to prove something beyond a reasonable doubt. All I can tell you is that it doesn’t mean that the Government has to prove these things beyond any conceivable shadow of a doubt.
It means only that the Government must prove these things beyond a reasonable doubt. And reasonable doubt is a doubt based upon reason and common sense. It may arise from the evidence that’s been presented to you, or a lack of evidence.
And I can’t really tell you much more than that, other than to say that you know what the word reasonable means, and you know what a doubt is, and you’ll have to determine whether the Government has proven the things that it must prove beyond a reasonable doubt.
Olivo contends that this instruction lowered the government’s burden by emphasizing what it did not require-that its wording “diminished the importance of’ the right and “lessened the government’s burden.” We do not agree.
While it may be true that the instruction could have been more clearly phrased, we see no error, much less plain error. We start with the well-established proposition that there is no requirement that the jury be instructed on the definition of reasonable doubt. See United States v. Neal, 36 F.3d 1190, 1202-03 (1st Cir.1994) (citing Victor v. Nebraska, 511 U.S. 1, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994)). The Constitution does not require that a reasonable doubt instruction be given in any particular form; instead, “in determining whether an instruction is constitutionally sound, we must view the instruction as a whole.” United States v. Van Anh, 523 F.3d 43, 59 (1st Cir.), cert. denied, - U.S.-, 129 S.Ct. 234, 172 L.Ed.2d 179 (2008). Viewing the instruction in this case as a whole, we conclude that under our case law[1] the district court did not err in the wording of its reasonable doubt instruction, which was substantially similar to the instruction in Van Anh, which we concluded was not erroneous. Id.

Drug Quantity Determination

Olivo contends that the district court erred in not expressly instructing the jury that the reasonable doubt instruction applied to its drug quantity determination. First, the jury was instructed that if. Olivo was found guilty of either offense (conspiracy or possession for distribution) or both offenses, it was then required to make a determination of the quantity of heroin involved, i.e., whether the quantity of heroin involved in the count of conviction was (1) less than 100 grams, (2) more than 100 grams but less than 1,000 grams, or (3) 1,000 grams or more. Second, it was clear from the wording of the reasonable doubt instruction that it applied to all of “these things” the government was required to prove beyond a reasonable doubt. And, third, the drug quantity instruction was in close proximity to the reasonable doubt instruction&emdash;it was the last substantive instruction before the reasonable doubt instruction.[2] Talcing all of these factors together, we cannot conclude that the district court committed plain er *670 ror in failing expressly to instruct that the reasonable doubt instruction applied to the jury’s drug quantity determination. See United States v. Dickerson, 514 F.3d 60, 63 (1st Cir.), cert. denied, — U.S. -, 128 S.Ct. 1690, 170 L.Ed.2d 384 (2008) (holding that “there was no error at all, much less plain error” in failing to instruct the jury that it was required to find drug quantity beyond a reasonable doubt).
The judgment of conviction is AFFIRMED.

. The jury in this case was instructed more than a year before Van Anh was decided.

. In the Reporter's Transcript, the drug quantity instruction is only five short paragraphs *670 (one page) before the reasonable doubt in-struclion.